# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL HOAGLAND, and<br>TAMMY HOAGLAND,<br><br>           Plaintiffs,<br>vs.<br><br>OKLAHOMA GAS & ELECTRIC CO., a<br>corporation doing business as<br>REDBUD POWER PLANT,<br><br>           Defendants. | NO. CIV-15-0751-HE |

## ORDER

Plaintiff Paul Hoagland ("Hoagland") and his wife filed this suit against defendant Oklahoma Gas & Electric Co. ("OG&E") to recover for injuries Hoagland sustained on the premises of Redbud Power Plant ("Redbud"), which is operated by OG&E.[1] Hoagland asserts claims based on negligence and negligence per se. Mrs. Hoagland asserts a claim for loss of consortium.[2] OG&E has moved for summary judgment, asserting Hoagland cannot establish that OG&E owed him a duty of care or that OG&E was negligent per se.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could

---

[1]*The other two defendants alleged to be owners or operators of the facility have been dismissed from the case. See Doc. Nos. 27 & 29.*

[2]*The present motion does not separately address the loss of consortium claim, but it is potentially affected by the disposition of the motion as to Hoagland. Unless otherwise indicated, references to "plaintiff" in this order refer to Mr. Hoagland.*

find in favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (citation omitted). And in determining whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014).

Unless otherwise indicated, these facts are undisputed. At the time he was injured, Hoagland was a self-employed flatbed truck driver working as an independent contractor for Mercer Trucking ("Mercer"). Mercer contracted to pick up a load of turbines and crates from Redbud for delivery elsewhere. Mercer contacted Hoagland to offer him the job, and he accepted. Hoagland was advised by the dispatcher that the customer required the load to be covered by a tarp.[3]

After Hoagland arrived at Redbud and the turbines and crates were loaded, he got onto the trailer to secure a tarp over the cargo. As he did so, he fell off the trailer and sustained significant injuries. Plaintiff's evidence is that there was a tarping station at the Redbud facility which, if used, would have allowed him to attach the tarp without being at risk of falling off the trailer. However, according to plaintiff, he was not advised of the existence of the tarping station and did not learn of it until after the accident.

OG&E seeks summary judgment on the basis that, under the circumstances, it owed no duty of care to Hoagland, as the risk of injury from falling off his trailer was open and

---

*[3]OG&E asserts that Mercer, rather than it, required the tarping. However, Hoagland has provided evidence that OG&E instructed Mercer to tarp the load and that an OG&E employee instructed him where to tarp the load.*

2

obvious. It also argues that the OSHA regulations upon which plaintiff relies for his negligence per se claim do not create a basis for that claim.

Under Oklahoma law, to establish a negligence claim a plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached the standard of care, and that the breach caused injury to the plaintiff. Martinez v. Angel Exploration, LLC, 798 F.3d 968, 974 (10th Cir. 2015) (citing Scott v. Archon Grp., L.P., 191 P.3d 1207, 1211 (Okla. 2008)). The question of whether a duty of care is owed to the plaintiff is a threshold question of law which represents "the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC, 341 P.3d 75, 82–83 (Okla. 2014).

In general, owners or possessors of land owe duties of care to others who come onto the premises which vary according to whether the visitors are considered trespassers, licensees, or invitees. Scott, 191 P.3d at 1211. Here, the parties appear to agree that Hoagland was on the Redbud premises as an invitee. See Doc. No. 43, at 6 ("Hoagland is considered an invitee . . . ."). An invitee is "one who uses the premises of another for the purpose of a common interest and mutual advantage." Wood v. Mercedes-Benz of Okla. City, 336 P.3d 457, 459, n. 6 (Okla. 2014). A property owner, as an invitor, owes the highest duty of care to an invitee, and is required to "exercise reasonable care to keep the premises in a reasonably safe condition and to warn [an invitee] of conditions which [are] in the nature of hidden dangers, traps, snares or pitfalls." Id. at 459 (quoting Martin v. Aramark Servs., Inc., 92 P.3d 96, 97 (Okla. 2004)).

3

Historically, Oklahoma has recognized that a landowner's duty to warn or protect does not extend to open and obvious dangers—"dangers which are so apparent and readily observable that one would reasonably expect them to be discovered." Martinez, 798 F.3d at 974–75. However, more recent Oklahoma decisions appear to have broadened the landowner's duty somewhat. Even where the invitee is injured by an open and obvious condition, the landowner may still have a duty to warn or protect if the injury suffered was reasonably foreseeable to the landowner and was, in some fashion, the result of the landowner's actions. Wood v. Mercedes-Benz of Okla. City, 336 P.2d at 460. The reach of the rule adopted in Wood is not altogether clear, but it appears to extend to situations where a business invitee is on the premises to fulfill a contractual duty for his employer and where the nature of the work requires the plaintiff to be exposed to the hazardous condition. See Martinez, 798 F.3d at 978.

Applying these principles to the present motion, the court concludes summary judgment must be denied. There is ample basis here for concluding that the hazard represented by the risk of plaintiff falling off of his trailer was an "open and obvious" condition. He was, after all, standing on his own trailer and it is undisputed that he knew of the risk of falling off of it. However, there is evidence here, viewed in the light most favorable to the plaintiff, which supports application of the broader rule set out in Wood. There is evidence that defendant required its loads to be tarped. Hoagland indicates he was directed by a Redbud worker to tarp his load outside the plant's gate, where the ground sloped down and away from the trailer, arguably increasing the risk to Hoagland. And it

appears clear that defendant knew of the substantial risk to persons like Hoagland that, in tarping loads like those shipped by defendant, they might fall off of a trailer and sustain serious injury—that is an obvious inference from the fact that defendant provided a tarping station. In these circumstances, there is a justiciable question as to whether defendant was negligent based on its failure to advise plaintiff of the existence of the tarping facility (and perhaps other factors). As a result, summary judgment will be denied as to the negligence claim.

OG&E also challenges Hoagland's claim based on a negligence per se theory. Under that theory, a plaintiff essentially relies on a violation of a statutory or regulatory standard to establish breach of the applicable duty of care. See Howard v. Zimmer, Inc., 299 P.3d 463, 467 (Okla. 2013). Here, Hoagland contends the relevant standard of care is established by a regulation of the Occupational Safety and Health Administration (OSHA), 29 C.F.R. § 1910.132(a), (d)(1).

To establish negligence per se, the plaintiff must show that a statute or regulation was violated which caused the claimed injury, that the injury was of the type intended to be prevented by the statute, and that the plaintiff is one of a class of persons the statute or regulation was intended to protect. Howard, 299 P.3d at 467. In general, OSHA regulations establish duties for employers to protect employees from workplace injuries. Marshall v. Hale-Halsell Co., 932 P.2d 1117, 1119 (Okla. 1997) (citing 29 U.S.C.A. §§ 652, 654). Plaintiff acknowledges that he is not an employee of the defendant. Doc. No. 46, at 4. The particular rule plaintiff references appears to be directed only to employees, and he has

5

offered no authority supporting a conclusion that the referenced regulation necessarily defines the duty of care owed to him, a third party non-employee. As a result, while violation of OSHA standards may be some evidence of negligence, they are not a basis for applying a negligence per se standard in the circumstances of this case.

Accordingly, defendant's motion for summary judgment [Doc. No. 43] is **DENIED** as to the common law negligence claim but is **GRANTED** as to the negligence per se claim. The negligence claim and Mrs. Hoagland's consortium claim remain for resolution.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2016.

*[signature]*
JOE HEATON
CHIEF U.S. DISTRICT JUDGE